UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN LYNN NOELDNER, ANGELA TEARLE NOELDNER, | No. 2:19-cv-0775 KJM DB PS |
| Plaintiffs, | ORDER |
| v. | |
| UNITED STATES GOVERNMENT, et al., | |
| Defendants. | |

Plaintiffs Jonathan Noeldner and Angela Noeldner are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiffs' amended complaint and motions to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 4-6.) Therein, plaintiffs complain about damages resulting from a forest fire.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiffs' amended complaint is deficient. Accordingly, for the reasons stated below, plaintiffs' amended complaint will be dismissed and plaintiffs will be granted further leave to file a second amended complaint.

1

**I.      Plaintiffs' Applications to Proceed In Forma Pauperis**

Plaintiffs' in forma pauperis applications make the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

(9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II. Plaintiffs' Amended Complaint

Here, plaintiffs' amended complaint alleges that defendant United States Forest Service was responsible for a fire damaging plaintiffs' property. (Am. Compl. (ECF No. 4) at 6.) An action based on the negligent or wrongful conduct of a government employee must be brought against the United States as a claim pursuant to the Federal Tort Claims Act, ("FTCA"). 28 U.S.C. §§ 2671-2680; see also Kennedy v. U.S. Postal Service, 145 F.3d 1077, 1078 (9th Cir. 1998) ("the United States is the only proper party defendant in an FTCA action"). The FTCA "vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees." Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992).

However, "[t]he timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA and, as such, should be affirmatively alleged in the complaint." Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980). Here, the amended complaint does not allege that plaintiffs filed an administrative claim in connection with this action.

Plaintiffs are cautioned that "[a] claimant must present a tort claim against the United States in writing to the appropriate Federal agency within two years after injury." Krueger v. Saiki, 19 F.3d 1285, 1286 (8th Cir. 1994) (citing 28 U.S.C. § 2401(b)); see also Hensley v. U.S., 531 F.3d 1052, 1056 (9th Cir. 2008) ("the statute provides that a tort claim 'shall be forever barred' unless it is presented 'within two years after such claim accrues'"). "The general rule,

3

within the meaning of the FTCA is that a tort claim accrues at the time of the plaintiff's injury[.]" Attallah v. U.S., 955 F.2d 776, 779 (1st Cir. 1992).

### III. Leave to Amend

For the reasons stated above, plaintiffs' amended complaint must be dismissed. The undersigned has carefully considered whether plaintiffs may further amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Given the defect noted above the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiffs' amended complaint will therefore be dismissed, and plaintiffs will be granted leave to file a second amended complaint. Plaintiffs are cautioned, however, that if plaintiffs elect to file a second amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

4

Plaintiffs are also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The second amended complaint will supersede the amended complaint just as the amended complaint superseded the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in a second amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiffs may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiffs' claims.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The amended complaint filed October 25, 2019 (ECF No. 4) is dismissed with leave to amend.[1]

2. Within sixty days from the date of this order, a second amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[2] The second amended complaint must bear the case number assigned to this action and must be titled "Second Amended Complaint."

3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: April 7, 2020          /s/ DEBORAH BARNES
                              UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiffs need not file another application to proceed in forma pauperis at this time unless plaintiffs' financial condition has improved since the last such application was submitted.

[2] Alternatively, if plaintiffs no longer wish to pursue this action plaintiffs may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

5